FILED

MAR 19 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INDICTMENT |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 5:24 CR 00093 |
| v. ) | |
| ) | Title 18, United States Code, |
| DAVID ONYINYE ABUANEKWU, ) | Sections 1349 and 1956(h) |
| ) | |
| Defendant. ) | JUDGE ADAMS |

GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise specified:

1. Defendant DAVID ONYINYE ABUANEKWU was a citizen of the Federal Republic of Nigeria and resided in the Republic of Ghana.

2. A romance fraud scheme ("RFS") was a type of fraud scheme in which perpetrators, using assumed identities and other misrepresentations, formed close personal relationships with victims in order to gain victims' trust and then use that trust to obtain money and other things of value from victims. Perpetrators found victims on social media and other online platforms, such as online dating websites, and initiated relationships with victims based on false pretenses. The victims were often elderly individuals, and the personal relationships were often romantic in nature, but physically remote. Perpetrators often engaged in extensive intimate conversations with victims, including through telephone calls and text exchanges over email and messaging platforms, gaining victims' affection and trust. The perpetrators then requested money and other things of value from the victims under false pretenses, often claiming that the funds were for an urgent need (such as costs associated with a medical emergency), for

furthering the relationship (such as travel costs for meeting in person), or for investment purposes (such as assisting the perpetrators in completing a lucrative transaction). Relying on those and other misrepresentations, perpetrators then convinced victims to send and transport money and other things of value, directing funds to be sent and transported to co-conspirators, often with those co-conspirators represented to be, and posing as, third parties.

## COUNT 1
(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349)

The Grand Jury charges:

3. The factual allegations contained in paragraphs 1 and 2 are re-alleged and incorporated as though fully set forth herein.

4. From in or around December 2017 through in or around March 2024, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant DAVID ONYINYE ABUANEKWU, knowingly and intentionally combined, conspired, and agreed with others known and unknown to the grand jury to commit federal offenses, that is, to devise and intend to devise a scheme and artifice to defraud victims, and to obtain money and property from victims by means of false and fraudulent pretenses, representations, and promises, and, for the purpose of executing the scheme and artifice, to knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### Objects of the Conspiracy

5. The objects of the conspiracy included, but were not limited to, the following: (1) to enrich Defendant and his co-conspirators by, among other things, inducing RFS victims to send money to accounts controlled by members of the conspiracy and their nominees based on false and fraudulent pretenses; and (2) to prevent detection of the conspiracy.

Manner and Means of the Conspiracy

6. The manner and means by which Defendant and his co-conspirators carried out the conspiracy included, but were not limited to, the following:

a. Conspirators, often in locations outside the United States, contacted numerous victims through online dating websites and social media platforms for the purpose of engaging in RFSs, targeting elderly individuals in the United States.

b. Conspirators used false and fictional personas and other misrepresentations to establish and develop close personal relationships with victims, often romantic in nature, through interstate and international wire communications.

c. After obtaining victims' trust and affection, conspirators sought to obtain money from victims, using false and fraudulent statements, representations, and promises in interstate and international wire communications to induce victims to transmit funds to accounts controlled by Defendant and by co-conspirators in the Northern District of Ohio, and elsewhere, via wire transfer and bank deposit.

d. Defendant and other co-conspirators posed as third parties, such as officials and representatives of foreign government organizations or entities assisting victims' purported romantic partners with investments or other transactions, in order to receive money from victims, which was represented to be for the benefit of the purported romantic partner.

e. From time to time, Defendant and other co-conspirators, using assumed identities and other false representations, arranged to meet with victims in person in locations abroad in order to build victims' trust and obtain further funds from victims.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
(Money Laundering Conspiracy, 18 U.S.C. § 1956(h))

The Grand Jury further charges:

7. The factual allegations contained in Count 1 are re-alleged and incorporated as though fully set forth herein.

8. From in or around December 2017 through in or around March 2024, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant DAVID ONYINYE ABUANEKWU, knowingly and intentionally combined, conspired, and agreed with others known and unknown to the grand jury to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957, to wit:

    a. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Wire Fraud in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

    b. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, Wire Fraud in violation of Title 18, United States Code, Section 1343, from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole

or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

      c.    to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, wire and other bank transfers, such property having been derived from a specified unlawful activity, that is, Wire Fraud in violation of Title 18, United States Code, Section 1343, in violation of Title 18, United States Code, Section 1957.

## Manner and Means of the Conspiracy

9.    The manner and means by which Defendant and his co-conspirators carried out the conspiracy included, but were not limited to, the following:

      a.    Defendant and his co-conspirators engaged in RFSs targeted at elderly individuals across the United States.

      b.    Defendant and his co-conspirators, including in the Northern District of Ohio, opened and operated bank accounts to receive funds from victims, often under false pretenses, misrepresenting the purpose of the accounts as having legitimate business purposes.

      c.    Conspirators instructed and caused RFS victims to transmit funds to accounts controlled by Defendant and his co-conspirators, via wire transfer and via bank deposit.

      d.    Defendant and his co-conspirators, having received the RFS proceeds, engaged in further transactions with those proceeds in order to return funds to co-conspirators through the international financial system while disguising the transfers as having legitimate business purposes, such as purchasing goods from foreign vendors, or other purposes.

    e.  Defendant and his co-conspirators also retained and used for their own benefit a portion of the funds routed through their accounts as payment for helping to conceal and disguise the nature, location, source, ownership, and control of the funds received from RFS victims.

  All in violation of Title 18, United States Code, Section 1956(h).

                      A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.